Filed 9/10/24  In re I.V. CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re I.V., a Person Coming Under the Juvenile Court Law. | C100055 |
| THE PEOPLE, | (Super. Ct. No. 52-009417) |
| Plaintiff and Respondent, | |
| v. | |
| I.V., | |
| Defendant and Appellant. | |

The juvenile court found minor I.V. (minor) violated Penal Code sections 243, subdivision (d) and 245, subdivision (a)(4).[1]  When adults commit either of these offenses, the sentencing court can choose to punish the offense as either a misdemeanor

---

[1]  Undesignated statutory references are to the Penal Code.

1

or a felony. (§§ 243, subd. (d), 245, subd. (a)(4), 17, subds. (a)-(b).) When a minor has "committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702; see *In re F.M.* (2023) 14 Cal.5th 701.) Here, the parties agree the juvenile court failed to declare these two offenses to be either misdemeanors or felonies and ask us to remand this case for the juvenile court to make these determinations. We agree with the parties and will remand the case for compliance with Welfare and Institutions Code section 702.

## FACTUAL BACKGROUND

After a jurisdictional hearing, the trial court found minor had committed violations of sections 243, subdivision (d) and 245, subdivision (a)(4), plus two other offenses not at issue here.

At the dispositional hearing, the juvenile court adjudged minor a ward of the court and placed her on probation in the custody of her parents. The parties and the court spent time modifying the form dispositional order, but the court never mentioned declaring each of the two offenses to be a misdemeanor or a felony.

Minor timely appealed from the dispositional order.

## DISCUSSION

As noted above, when a minor has "committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the [juvenile] court shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702.) The court must make this declaration " 'before or at the time of disposition.' " (*In re F.M., supra*, 14 Cal.5th at p. 712.) " '[N]either the pleading, the minute order, nor the setting of a felony-level period of . . . confinement may substitute' for the required declaration." (*Ibid.*)

When a juvenile court fails to make the required declaration, we must remand "unless the record shows that the juvenile court was 'aware of, and exercised its

2

discretion' as to each [such offense] alleged against the minor." (*In re F.M., supra*, 14 Cal.5th at p. 717.)  The juvenile court taking actions consistent with treating the offenses as felonies does not establish that the court was aware of and exercised its discretion because such actions are also consistent with lack of awareness of discretion to treat the offenses as misdemeanors.  (*Id.* at pp. 716-717.)  Similarly, a recitation in a "minute order does not show that the juvenile court was 'aware of, and exercised its discretion.' " (*Id.* at p. 717.)  When " 'the juvenile court did not at any time refer to its discretion to declare the offense a misdemeanor' and . . . neither the district attorney nor counsel for the minor ever 'point[ed] out to the juvenile court that it had such discretion,' [citation] . . . 'it would be mere speculation to conclude that the juvenile court was actually aware of its discretion.' " (*Id.* at pp. 709-710.)

Here, the parties agree the record does not establish that the juvenile court was aware of and exercised its discretion to declare each offense a misdemeanor or a felony. The offenses are consistently listed as felonies in the petition and the jurisdictional order, without any indication that they could be treated as misdemeanors.  Likewise, someone checked a box on the dispositional form indicating that the offenses would have been felonies if committed by an adult.  In the absence of any mention of the court's discretion, these circumstances are insufficient to show the court was aware of its discretion and exercised it.

**DISPOSITION**

The dispositional order is reversed and remanded for the juvenile court to expressly declare the violation of section 243, subdivision (d) and the violation of section 245, subdivision (a)(4) to be either a misdemeanor or felony under Welfare and Institutions Code section 702.

/s/
_____
EARL, P. J.

We concur:


/s/
_____
BOULWARE EURIE, J.


/s/
_____
WISEMAN, J.*

---

\*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.